## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                    No. CR 11-2197 JB

FRANCISCO ALFREDO PALACIOS-GUERRERO,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Motion for Downward Departure or Variance, filed December 12, 2011 (Doc. 17)("Sentencing Memorandum"). The Court held a sentencing hearing on January 30, 2012. The primary issue is whether the Court should impose a sentence in this revocation proceeding that will run consecutively to the sentence Defendant Francisco Alfredo Palacios-Guerrero will receive for the charges in No. CR 11-2006. The Court will grant the request in part and deny the request in part. Because the Court believes the factors in 18 U.S.C. § 3553(a) counsel in favor of running a portion of the sentences concurrently, the Court will run the sentence consecutively to the sentence in No. CR 11-2006 -- 30-months imprisonment -- for 6 months but will run the sentence concurrently for the remaining 12 months -- for a total of 18-months imprisonment for the violation of supervised release. Given that the Court will not impose a fully consecutive sentence, the Court will deny the request for a variance.

## <u>FACTUAL BACKGROUND</u>

In 1994, Palacios-Guerrero pled guilty to a felony charge of transportation of cocaine. <u>See</u> Presentence Investigation Report ¶ 22, at 6, disclosed October 24, 2011 ("PSR"). He had his

probation revoked and parole revoked while carrying out his sentence for this transportation of cocaine offense.  See PSR ¶ 22, at 6.  In 2003, Palacios-Guerrero pled no contest to a misdemeanor battery charge.  See PSR ¶ 23, at 7.  This offense involved an attack on his wife.  See PSR ¶ 23, at 7-8.  He had his probation for this battery conviction revoked twice.  See PSR ¶ 23, at 7-8.  In 2007, Palacios-Guerrero pled guilty to a federal misdemeanor illegal entry charge and received a sentence of 6-months imprisonment.  See PSR ¶ 24, at 9.  In 2008, Palacios-Guerrero pled guilty to a misdemeanor charge of false identification to a peace officer.  See PSR ¶ 25, at 9.  In 2009, Palacios-Guerrero pled guilty to a felony possession of a controlled substance charge that involved cocaine. See PSR ¶ 27, at 10.  In 2009, Palacios-Guerrero pled guilty to a federal felony charge of deported alien found in the United States in the United States District Court for the Southern District of California.  See PSR ¶ 28, at 11.  The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sentenced Palacios-Guerrero to 15-months imprisonment and 3-years supervised release.  See Judgment in a Criminal Case at 3-4 (dated August 31, 2009), filed August 16, 2011 (Doc. 1)("Judgment").  One of the mandatory conditions of supervised release was that "[t]he defendant shall not commit another federal, state or local crime."  Judgment at 4.  The PSR indicates that Palacios-Guerrero has a total of three felony offenses.  See PSR ¶¶ 22, 27-28, at 6, 10-11.

On March 22, 2011, United States Border Patrol agents near Sunland Park, New Mexico observed two individuals walking in a northern direction from a mountain toward a set of railroad tracks.  See PSR ¶ 4, at 3.  "This area is located approximately one mile north of the United States/Mexico International Boundary."  PSR ¶ 4, at 3.  When the agents came upon these individuals, they were attempting to conceal themselves in a bush.  See PSR ¶ 4, at 3.  Palacios-Guerrero, one of the individuals, admitted to illegally entering the United States.  See PSR ¶ 5, at

3.  Palacios-Guerrero committed the current offense while on supervised release for his 2009 felony

immigration conviction.  See PSR ¶ 29, at 12.

## PROCEDURAL BACKGROUND

On May 24, 2011, the United States Probation Office ("USPO") filed a Petition for Warrant

or Summons for Offender Under Supervision based on Palacios-Guerrero allegedly violating the

terms of his supervised release.  See Doc. 2 (dated May 24, 2011), filed August 16, 2011

("Petition").  The Petition, filed in the Southern District of California, sought transfer of this

revocation proceeding to the District of New Mexico.  See Petition at 1.  The Petition alleges that

Palacios-Guerrero violated the mandatory condition of his term of supervised release that he not

commit another federal, state, or local crime.  See Petition at 2.  The Petition states that Palacios-

Guerrero, on or about March 22, 2011, illegally reentered the United States after having been

deported in violation of 8 U.S.C. § 1326(a).  See Petition at 2.  Jurisdiction over this proceeding was

then transferred to the District of New Mexico.  See Transfer of Jurisdiction at 1 (file-stamped

August 10, 2011), filed August 16, 2011 (Doc. 1).

Regarding the criminal charges Palacios-Guerrero faces in No. CR 11-2006, Palacios-

Guerrero, pursuant to a Non-Standard Fast Track Plea Agreement, filed September 2, 2011 (Doc.

23)(No. CR 11-2006)("Plea Agreement"), pled guilty to the Indictment, filed July 27, 2011 (Doc.

13)(No. CR 11-2006), charging him with a violation of  8 U.S.C. § 1326 (a) and (b), that being re-

entry of a removed alien.  The parties agreed to a 2-level reduction to his offense level pursuant to

U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level reduction

pursuant to U.S.S.G. § 3E1.1(b).  See Plea Agreement ¶ 6, at 2.  The parties agreed, pursuant to the

United States Attorney's Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-

level reduction; in exchange, Palacios-Guerrero agreed to waive his appellate rights.  See Plea

Agreement ¶¶ 6, 12, at 2, 5.  The parties reserved the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement.  Plea Agreement ¶ 8, at 3.

On September 16, 2011, the USPO disclosed a Memorandum regarding the alleged violation of supervised release.  The USPO calculates that, under U.S.S.G. § 7B1.1, the most serious violation of supervised release that Palacios-Guerrero has committed is a Grade B violation.  See Memorandum at 1.  The USPO determines that Palacios-Guerrero's criminal history category for the revocation proceedings is a category of V, "which was the criminal history category applicable at the time of the defendant's original sentence."  Memorandum at 1.  The USPO concludes that a Grade B violation with a criminal history category of V establishes a guideline imprisonment range of 18 to 24 months.  See Memorandum at 1.  The USPO recommends that the Court impose a sentence of 18 months to run consecutively to the sentence Palacios-Guerrero will receive for the offense charged in No. CR 11-2006.

On October 24, 2011, the USPO disclosed a PSR for Palacios-Guerrero for the charges arising out of No. CR 11-2006.  The PSR calculates his base offense level as 8 pursuant to U.S.S.G. § 2L1.2(a).  See PSR ¶ 13, at 5.  The PSR applies an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) based on Palacios-Guerrero having been previously deported after a conviction for an aggravated felony.  See PSR ¶ 13, at 5.  The PSR calculates Palacios-Guerrero's adjusted offense level as 16, and his total offense level as 13 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 17-19, at 6.  Based on the Plea Agreement, the PSR further reduces the total offense level to 12.  See PSR ¶ 20, at 6.  The PSR calculates Palacios-Guerrero's criminal history category as VI based on 16 criminal history points.  See PSR ¶ 30, at 12.  The PSR calculates that an offense level of 12 and a criminal history category of VI establishes a sentencing range of 30 to 37 months.

See PSR ¶ 73, at 25.  On November 14, 2011, the USPO disclosed an Addendum to the PSR to provide some information about additional criminal history Palacios-Guerrero has and to add 4 criminal history points to his criminal history score.  See Addendum to PSR at 1.  The Addendum to the PSR states that this increase in points does not change his criminal history category.  See Addendum to PSR at 1.

On December 12, 2011, Palacios-Guerrero filed his Sentencing Memorandum.  He asks the Court for a sentence that is sufficient but not greater than necessary to reflect the factors in 18 U.S.C. § 3553(a).  He notes that, in the last few years, his mother, step-father, and his biological father have all passed away.  See Sentencing Memorandum at 4 (citing PSR ¶¶ 55-56, at 21-22).  Palacios-Guerrero states that he "was raised by his mother and his step-father in an atmosphere which subjected both himself and his mother to verbal and physical abuse, primarily due to the abuse of alcohol by his step-father."  Sentencing Memorandum at 4 (citing PSR ¶ 58, at 22).  Palacios-Guerrero notes that he has been married to his wife, who lives in California, for thirty-two years.  See Sentencing Memorandum at 4 (citing PSR ¶ 59, at 22).  He asks the Court to consider that his primary motivation for re-entering the United States "was due to family re-unification, and to seek employment."  Sentencing Memorandum at 4.  For his sentence in No. CR 11-2006, he asks the Court to impose a term of 30-months incarceration.  See Sentencing Memorandum at 4-5.  Regarding his sentence for violation of his term of supervised release, he requests that the Court order that the sentence run concurrently rather than consecutively to the sentence that the Court imposes for his sentence in No. CR 11-2006, or that the Court vary downward from the advisory guideline range on the sentence for the supervised release violation.  See Sentencing Memorandum at 5.  He does not request a downward variance to a specific length of a sentence.  See Sentencing Memorandum at 5.

On December 14, 2011, Plaintiff United States of America filed its Response to the Sentencing Memorandum.  See United States' Response to Defendant's Sentencing Memorandum and Motion for a Downward Departure or Variance (Doc. 29), filed December 14, 2011 (Doc. 30)(No. CR 11-2006)("Response").[1]  The United States asserts that it opposes any downward departure or variance.  See Response at 1.  It notes that Palacios-Guerrero has a variety of serious convictions, including serious drug crimes and several violent offenses.  See Response at 1.  It notes that one of those offenses involved attacking his elderly estranged wife.  See Response at 1 (citing PSR ¶ 23, at 7-8).  The United States asserts that he has been deported from the country on at least eighteen separate occasions and has used approximately thirty different aliases.  See Response at 2 (citing PSR ¶ 58, at 22).  The United States requests that the Court impose a sentence in this proceeding that will run consecutively to the sentence imposed in No. CR 11-2006.  See Response at 2.  The United States does not request a specific sentence for the alleged violation of supervised release.  See Response at 2.

At the portion of the sentencing hearing on January 30, 2012 addressing the charges in No. CR 11-2006, the parties agreed to the Court reducing Palacios-Guerrero's offense level a third level for acceptance of responsibility.  See Transcript of Hearing at 3:4-16 (taken January 30, 2012)(Court, Walsh, Wilson)("Tr.").[2]  The United States then moved, pursuant to the United States Attorney's Office fast-track program, for an additional 1-level departure on Palacios-Guerrero's offense level based on the waiver of his appellate rights.  See Tr. at 3:17-4:6 (Court, Walsh, Wilson).

---

[1]The United States did not file a response in this proceeding, No. CR 11-2197, but the Response filed in No. CR 11-2006 addresses the Sentencing Memorandum filed in this proceeding. See Response at 1-2.

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Palacios-Guerrero emphasized that he is now fifty-five years old and will be approximately sixty years old when he is released from prison.  <u>See</u> Tr. at 8:15-9:3 (Wilson).  He argued that a total sentence of 48 months, after taking into account both sentences, would be greater than is necessary to provide just punishment.  <u>See</u> Tr. at 9:16-21 (Wilson).  Palacios-Guerrero asked for "some type of variance or departure" from an 18-month sentence for his violation of supervised release.  Tr. at 9:22-10:1 (Wilson).  The United States contended that Palacios-Guerrero has significant criminal history, including violent crimes.  <u>See</u> Tr. at 10:25-11:7 (Walsh).  The United States requested that the Court impose a sentence in the middle or at the high end of the applicable sentencing range for the sentence in No. CR 11-2006.  <u>See</u> Tr. at 11:14-17 (Walsh).  The United States recommended 18-months imprisonment for the sentence for his revocation of supervised release to run consecutively to the sentence imposed in No. CR 11-2006.  <u>See</u> Tr. at 11:21-12:4 (Walsh).

Regarding the alleged violation of supervised release, the Probation Officer stated that revocation for this violation of supervised release is mandatory under the sentencing guidelines.  <u>See</u> Tr. at 18:20-23 (Court, Probation Officer).  Palacios-Guerrero then admitted to the charged violation of supervised release.  <u>See</u> Tr. at 21:10-20 (Court, Palacios-Guerrero, Wilson).  Palacios-Guerrero acknowledged that, if the Court were to hold a hearing, the United States would be able to prove the facts stated in the Petition and that a violation occurred as set forth in the Petition.  <u>See</u> Tr. at 22:3-9 (Court, Palacios-Guererro).  The parties and Palacios-Guerrero agreed that the term of supervised release should be revoked.  <u>See</u> Tr. at 22:10-20 (Court, Walsh, Wilson, Palacios-Guerrero).  The Court concluded that Palacios-Guerrero had voluntarily, knowingly, intelligently, and understandingly admitted a violation based on his conclusion that doing so was in his best interest.  <u>See</u> Tr. at 22:21-24 (Court).  The Court then accepted his plea to the violation of supervised release.  <u>See</u> Tr. at 22:1-3 (Court).

-7-

## LAW REGARDING U.S.S.G. § 7B1.3

U.S.S.G. § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served results from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).  Application note 4 to U.S.S.G. § 7B1.3 provides:

> Subsection (f) provides that any term of imprisonment imposed upon the revocation of probation or supervised release shall run consecutively to any sentence of imprisonment being served by the defendant.  Similarly, it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation.

U.S.S.G. § 7B1.3 cmt. n.4.  Notably, the provisions in Chapter Seven of the sentencing guidelines have always been advisory rather than mandatory.  See United States v. McClanahan, 136 F.3d 1146, 1149 (7th Cir. 1998); United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996)("Section 7B1.4(a) is therefore not a sentencing guideline per se; it is merely a 'policy statement.'").  "In dealing with violations of supervised release the Sentencing Commission chose to issue policy statements rather than guidelines, in order to permit evaluation after experience with the new supervised release concept."  United States v. Boling, 947 F.2d 1461, 1462 (10th Cir. 1991), overruled on other grounds by United States v. Rockwell, 984 F.2d 1112 (10th Cir. 1993).  "While the Chapter Seven policy statements are entitled to 'great weight,' they do not bind the sentencing judge; while they are an 'element in his exercise of discretion,' they are not a substitute for that discretion."  United States v. McClanahan, 136 F.3d at 1149.

## RELEVANT LAW REGARDING SUPERVISED RELEASE

As the United States Court of Appeals for the Eleventh Circuit has stated:

> The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008)(alterations omitted)(quoting S.Rep. No. 98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182)(internal quotation marks omitted). "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000)(citing S.Rep. No. 98-225, at 124). Congress has prohibited incarcerating an offender for rehabilitation purposes, but in contrast, an offender's need for rehabilitation may be considered in prescribing supervised release conditions. See United States v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001); United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *9 (D.N.M. May 4, 2010)(Browning, J.).

## ANALYSIS

The Court incorporates by reference its Memorandum Opinion and Order, filed April 4, 2012 (Doc. 38)(No. CR 11-2006). There being no disputes about the PSR's factual findings, the Court adopts them as its own. There being no disputes about the USPO's guideline calculation in the Memorandum, the Court will adopt those calculations as its own. The Court finds that Palacios-Guerrero violated the conditions of supervision by committing a federal felony offense. The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3533(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is appropriate for Palacios-Guerrero's violation, but does not believe it is necessary to make his entire

sentence for violation of supervised release run consecutively to the sentence imposed in No. CR 11-2006.  The Court concludes that a sentence of 6 months that will run consecutively to the sentence imposed in  No. CR 11-2006 and 12 months that will run concurrently to this sentence imposed in  No. CR 11-2006 -- for a total of an 18-month sentence -- is sufficient to reflect the seriousness of the violation.  With the 30-month sentence in No. CR 11-2006, Palacios-Guerrero will spend 36 months in prison.  Given that the Court will not run the entire sentence consecutively, the Court does not believe that a variance on the sentence for the supervised release violation is appropriate.  The Court worked hard to arrive at an appropriate sentence for Palacios-Guerrero's reentry into the United States.  It took into account his significant criminal history and prior violations of the United States' immigration laws.  It gave him a lengthy sentence of 30 months. The Court is now reluctant to impose another lengthy sentence that over-represents certain factors in the 18 U.S.C. § 3553(a) analysis -- such as respect for the law and adequate deterrence -- while not adequately reflecting other factors -- such as arriving at a just sentence and protecting the public. Consequently, the Court is hesitant to impose a fully consecutive sentence on a defendant who violates his term of supervised release under those circumstances.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals.  The Court is reluctant to not impose any term of a consecutive sentence given Palacios-Guerrero's significant criminal history and prior immigration history.  Nevertheless, the Court does not feel that an additional 12-months of a consecutive sentence is necessary to reflect the factors contained in 18 U.S.C. § 3553(a).  When Palacios-Guerrero completes these sentences, he will be roughly fifty-nine years old.  At that age, he will likely have a lower risk of recidivism compared to younger defendants.  Imposing an additional 12 months of incarceration through a lengthier consecutive sentence would not more fully

-10-

reflect the factors in 18 U.S.C. § 3553(a) and would upset the careful balance the Court struck in imposing the sentence in No. CR 11-2006 -- including the Court taking into account his violent crime of assault on his former spouse.  Once Palacios-Guerrero completes the sentence in No. CR 11-2006, it appears that he will have served the lengthiest sentence he has yet served for an immigration offense.  For instance, he received a 15-month sentence for his 2009 immigration offense in California.  See PSR ¶ 28, at 11.  This total sentence of 36 months is double the length of that sentence.

The Court also notes, in support of not imposing consecutive sentences, that the United States Sentencing Commission recently amended the guidelines on November 1, 2011 to recommend that courts not impose a term of supervised release when a defendant is to be deported. See U.S.S.G. § 5D1.1(c) ("The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.").  It was always somewhat strange to impose "unsupervised" supervised release following deportation to Mexico.  The purpose of imposing supervised release is to help a defendant ease his way back into society after a prison term.  Yet when the defendant is deported to Mexico, it would be inconsistent with the purposes of supervised release to impose supervised release, as the defendant is not even in the United States where he is subject to supervision by the USPO.  Likewise, doing so did not always deter a defendant from returning to the United States immediately.  Not imposing a consecutive sentence for violation of supervised release avoids unwarranted sentencing disparities among similarly situated defendants in light of the recent guideline amendments.  Moreover, the Court frequently runs the sentences for violations of supervised release concurrently, or all but one or two months concurrently.  With the exception of the Honorable James A. Parker, Senior United States District Judge, who more often

than not adds some prison time for the violation, the remainder of the judges in the District of New Mexico do not routinely add time for violations and generally run the sentences concurrently. However, this sentence -- by not running the entire sentence concurrently -- avoids unwarranted sentencing disparities among similarly situated defendants with similar criminal history.

This sentence adequately reflects the seriousness of the violations, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  Because these two sentences will result in the highest sentence for an immigration offense that Palacios-Guerrero has received, the Court believes this sentence reflects the seriousness of the violation and promotes respect for the law.  Given Palacios-Guerrero's age and the length of the sentence, the Court believes that the sentence provides just punishment and adequately protects the public.  Palacios-Guerrero will be roughly fifty-nine years old when he completes his sentence, and, upon release, his risk of recidivism should decrease as a result of his age.  The Court is troubled by his significant criminal history, but at the age of fifty-nine, the risk that he will commit more violent crimes is reduced.  Because this sentence is the lengthiest sentence Palacios-Guerrero has received for an immigration offense, the Court believes that the sentence will provide adequate deterrence, both to Palacios-Guerrero specifically and to the public generally.  As far as immigration sentences go, the 36-month total sentence is a long one, and the Court's task of tailoring a just sentence for Palacios-Guerrero reflects that the Court does not believe that the sentence undercuts the factors of the seriousness of the crime, respect for the law, adequate deterrence, and protecting the public.  Given the recent amendments to the sentencing guidelines regarding supervised release that benefit Palacios-Guerrero, the Court believes that this sentence avoids unwarranted sentencing disparities among similarly situated defendants.  While the

Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  The Court sentences Palacios-Guerrero to 18-months imprisonment.  Six months of this sentence will run consecutively to the sentence imposed in No. CR 11-2006, and 12 months will run concurrently to the sentence imposed in No. CR 11-2006.

IT IS ORDERED that the request for a concurrent sentence to the sentence in No. CR 11-2006 contained in the Defendant's Sentencing Memorandum and Motion for Downward Departure or Variance, filed December 12, 2011 (Doc. 17), is granted in part and denied in part.  The Court will deny the request for a downward variance on the sentence for his violation of supervised release.  The Court will impose an 18-month sentence, and require that 6 months of the sentence run consecutively to the sentence imposed in No. CR 11-2006 and that 12 months of the sentence run concurrently the sentence imposed in No. CR 11-2006.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
David M. Walsh
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Benjamin C. Wilson
Albuquerque, New Mexico

        *Attorney for the Defendant*